458 F.2d 792
 79 L.R.R.M. (BNA) 2561, 147 U.S.App.D.C. 373,
67 Lab.Cas. P 12,418
 RETAIL STORE EMPLOYEES UNION LOCAL NO. 400, RETAIL CLERKS
INTERNATIONAL ASSOCIATION, AFLCIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, C. W. F.
Corporation, Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
C. W. F. CORPORATION, Respondent.
 Nos. 71-1137, 71-1255.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Jan. 24, 1972.
Decided Feb. 14, 1972.
 
 Mr. Ira M. Lechner, Washington, D. C., with whom Mr. W. Dean Wagner, Arlington, Va., was on the brief, for petitioner in No. 71-1137.
 Mr. Warren M. Davison, Deputy Asst. General Counsel, with whom Messrs. Dominick L. Manoli, Associate General Counsel, and Marcel Mallet-Prevost, Assistant General Counsel, National Labor Relations Board, were on the brief, for petitioner in No. 71-1255 and respondent in No. 71-1137.
 Mr. Richard B. Slosberg, Washington, D. C., with whom Allen G. Siegel, Washington, D. C., was on the brief, for respondent in No. 71-1255 and intervenor in No. 71-1137.
 Before WRIGHT,* LEVENTHAL and MacKINNON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case the Board entered an order[1] finding violations of Section 8(a) (1) and 8(a) (3) of the National Labor Relations Act, enjoining the repetition of such violations, and requiring certain affirmative action on the part of the Company. Our review of the record convinces us that whatever arguments the employer had for resisting the Board's order lay in the domain of challenge to the facts alleged. Once the witnesses for the Union were credited over the witnesses for the Company, by the Trial Examiner and by the Board, there remained no meaningful issue of law. There is substantial evidence to support the findings, and that in effect terminates the appellate function.
 
 
 2
 The company objected to the Trial Examiner's refusal to grant a 10-day continuance at the hearing to permit the Company to investigate and prepare a defense to allegations in an amendment to the original complaint. Amendments are allowable in the discretion of the Trial Examiner, and he may permit amendments without providing a 10-day interval. The procedure in the Federal courts is similar. We do think that the General Counsel, on deciding on July 10 to move to amend the complaint at the beginning of the hearing on July 15, should have communicated that fact to the Company immediately, by telephone. Instead he sent Company's counsel a letter, which although dated Friday, July 10, 1970, was naturally not received until the following Monday, July 13.
 
 
 3
 We find, however, no abuse of discretion. The Examiner structured the hearing so that the first proof admitted related only to the original allegations; the second stage of the hearing, concerning proof on the supplemental allegations, held part of Thursday, was continued for important witnesses until the following Monday, July 20. This was the date Company counsel had suggested for the hearing. Moreover, the supplemental allegations related in part to the events of March 21, 1970, the pivotal date of the original allegations. These matters do not completely answer the Company's contention. But they provide a framework supporting the Trial Examiner's ruling as an exercise of sound discretion. Company counsel referred at argument to hypothetical possibilities of prejudice, but was unable to point to anything specific. We see no basis for judicial intervention.
 
 
 4
 The Union complains that the Board order should have gone further than it did. We think the case calls for application of the settled doctrine that selection of remedies is broadly a matter for the expert discretion of the Board.
 
 
 5
 The Union's petition to review, in No. 71-1148, will be denied. The Board's petition for enforcement, No. 71-1255 will be granted.
 
 
 6
 So ordered.
 
 
 
 *
 Circuit Judge Wright did not participate in the disposition of this case
 
 
 [1]
 188 N.L.R.B. No. 94, Feb. 17, 1971